**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF ST. LOUIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | **Removed from the Circuit Court** |
| | ) | **for St. Louis City, Missouri** |
| **CHS TX, INC., D/B/A YESCARE,** | ) | **Case No. 2322-CC01330** |
| **LEXINGTON INSURANCE CO.,** *and* | ) | |
| **GREAT MIDWEST INSURANCE CO.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant CHS TX, Inc., d/b/a YesCare ("CHS TX"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this matter from the Circuit Court for St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.  As grounds for removal, CHS TX states as follows:

1.     On June 30, 2023, Plaintiff City of St. Louis ("Plaintiff") filed a Complaint against the CHS TX, Great Midwest Insurance Co., and Lexington Insurance Co. in the Circuit Court for St. Louis City, Missouri, Civil Action No. 2322-CC01330 (hereinafter the "State Court Action").

2.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached as **Exhibit A**.

3.     The removal is timely under 28 U.S.C. § 1446(b) because CHS TX was served with a copy of the complaint and summons on July 10, 2023, and this Notice of Removal is being filed within 30 days of that date. As of the date of the filing this Notice of Removal, Defendant Lexington Insurance Co. has not yet been served with a copy of the complaint and

summons.

4.      The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between parties whose citizenship is diverse, and the amount in controversy exceeds $75,000.00.  Therefore, the action is removable pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY AMONG THE PARTIES

5.      The State Court Action has one named plaintiff, the City of St. Louis ("Plaintiff"), who at the time of filing and all times relevant to the action, was and is a citizen of the State of Missouri.

6.      Defendant CHS TX is, and at the time of filing this action was, a corporation. For jurisdictional purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  CHS TX is incorporated in the State of Texas with its principal place of business in Tennessee.  Thus, for jurisdictional purposes, CHS TX is a citizen of the States of Texas and Tennessee. *See* 28 U.S.C. § 1332(c)(1).

7.      Upon information and belief, Defendant Great Midwest Insurance Co. is a corporation incorporated in the State of Texas with its principal place of business in Texas. Thus, for jurisdictional purposes, Defendant Great Midwest Insurance Co. is a citizen of the State of Texas. *See* 28 U.S.C. § 1332(c)(1).

8.      Defendant Lexington Insurance Co. is a corporation incorporated in the State of Delaware with its principal place of business in Massachusetts. Thus, for jurisdictional purposes, Defendant Lexington Insurance Co. is a citizen of the States of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

9.      Because Plaintiff City of St. Louis is a citizen of the State of Missouri and

Defendant CHS TX is a citizen of the States of Texas and Tennessee, Defendant Great Midwest Insurance Co. a citizen of the State of Texas, and Defendant Lexington Insurance Co. a citizen of the States of Delaware and Massachusetts, there is complete diversity of citizenship in accordance with 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

10.     Plaintiff seeks at least $515,000.00 in this action for indemnification in the amount paid by Plaintiff in December 2022 to resolve claims in another lawsuit, *Perry v. City of Saint Louis, et al.*, No. 4:17-cv-00981. (*See e.g.*, Compl. ¶¶ 92, 96, 98).

11.     Accordingly, the amount in controversy exceeds $75,000.00, and the requisite amount in controversy for federal diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

## PROPER COURT FOR REMOVAL

12.     The United States District Court for the Eastern District of Missouri, Eastern Division, is the appropriate court for filing a notice of removal from the Circuit Court for St. Louis City, Missouri. *See* 28 U.S.C. § 105(a)(1). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## CONSENT TO REMOVAL

13.     Defendant Great Midwest Insurance Co. has consented to the removal of this action. A copy of Defendant Great Midwest Insurance Co.'s consent is attached as **Exhibit B**.

14.     Defendant Lexington Insurance Co. has not yet been served with a copy of the complaint and summons. Accordingly, its consent to removal is not required at this time. *See* 28 U.S.C. § 1446(b)(2)(A). However, Defendant Lexington Insurance Co. has nonetheless consented to removal of this action to federal court, so long as its consent does not constitute a waiver of service.

In accordance with the foregoing, CHS TX respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for St. Louis City, Missouri to the Eastern Division of the United States District Court for the Eastern District of Missouri.

Respectfully Submitted,

*s/ R. Thomas Warburton*
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com

*Counsel for Defendant CHS TX, Inc. d/b/a YesCare*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2023, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

Sheena Hamilton
Erin McGowan
Affirmative Litigation Unit
314 City Hall
1200 Market St.
St. Louis, MO 63103
mcgowane@stlouis-mo.gov

*Attorneys for Plaintiff*

CSC-Lawyers Incorporating
Service Co.
221 Bolivar St.
Jefferson City, MO 65101

*Registered Agent for Great Midwest Insurance Co.*

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

*Registered Agent for Lexington Insurance, Co.*

*/s/ R. Thomas Warburton*
R. Thomas Warburton

5