# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. LOUIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHS TX, INC., D/B/A YESCARE, )<br>LEXINGTON INSURANCE CO., and )<br>GREAT MIDWEST INSURANCE CO., )<br>)<br>Defendants. )<br>) | Case No. 4:23-cv-00987<br><br>Removed from the Circuit Court for St. Louis City, Missouri<br>Case No. 2322-CC01330 |

## MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant CHS TX, Inc. d/b/a YesCare ("CHS TX") files this Motion to Transfer Venue and Incorporated Memorandum in Support and states as follows:

## BACKGROUND

### A. The State Court Action

On June 30, 2023, Plaintiff City of St. Louis ("Plaintiff") filed a Complaint against CHS TX, Great Midwest Insurance Co., and Lexington Insurance Co. in the Circuit Court for St. Louis City, Missouri, Civil Action No. 2322-CC01330 (the "State Court Action"). *See* State Court Action, Doc. No. 1-1. Through the State Court Action, Plaintiff seeks a declaratory judgment, as well as damages in the amount of $515,000.00.

As alleged in the State Court Action, Plaintiff contracted with Corizon, LLC ("Corizon") to provide medical treatment and suicide prevention services to inmates at Plaintiff's two jails. *Id.* at PageID # 12. As further stated in the State Court Action, Corizon breached its contractual

1

obligations owed to Plaintiff, resulting in the suicide of an inmate at one of Plaintiff's jails, and a resulting suit brought against Plaintiff by the deceased inmate's family (the "Inmate Suit"). *Id.* at PageID ## 12–13. Plaintiff alleges to have made demands upon Corizon for defense and indemnification in the Inmate Suit, but those requests were rejected, leading to Plaintiff's payment of $515,000.00 as settlement of the Inmate Suit. *Id.* at PageID # 13. As further alleged, effective November 1, 2022, CHS TX warranted and represented to Plaintiff that it had assumed "all responsibilities, rights, liabilities, and obligations of Corizon and Corizon Health, Inc. ("Corizon Health"), and their successors in interest related to the [contract at issue] as well as all previous agreements entered into by Corizon or Corizon Health and Plaintiff." *Id.* As such, per Plaintiff, CHS TX is contractually obligated to indemnify Plaintiff in the amount of $515,000.00. *Id.*

On August 8, 2023, CHS TX, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a), and with the consent of Co-Defendants Great Midwest Insurance Co. and Lexington Insurance Co., filed a Notice of Removal, thereby removing the State Court Action from the Circuit Court for St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division. *See* Doc. No. 1.

    **B.**    **Tehum Care Services, Inc. d/b/a Corizon Health, Inc. Bankruptcy Proceedings**

According to Plaintiff, CHS TX's obligation to indemnify Plaintiff in the amount of $515,000.00 arises from its assumption of Corizon Health's contractual obligations owed to Plaintiff. However, on February 13, 2023, Corizon Health filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating a bankruptcy case (the "Bankruptcy Case"). *See* Corizon Health Bankruptcy Petition, attached as **Exhibit A**. The Bankruptcy Case is pending in the United States Bankruptcy Court for the Southern District of Texas, Houston

2

Division (the "Texas Bankruptcy Court"), under Case No. 23-90086 (CML). Judge Christopher M. Lopez presides over the Bankruptcy Case.

As of the date of filing this Motion, Corizon Health has 279 unsecured creditors. *See* Corizon Health List of Creditors, attached as **Exhibit B**. Payment of those unsecured creditors' claims in the Bankruptcy Case, if any, will largely come by and through Corizon Health's insurance policy with American International Group, Inc. That same insurance policy would provide coverage for CHS TX in the State Court Action, as the State Court Action stems from Corizon Health's contractual relationship with Plaintiff. American International Group, Inc. cannot, however, provide a defense to CHS TX in the State Court Action given the Bankruptcy Case and the insurance policy's status as an asset of the Bankruptcy Case estate.

## ARGUMENT

**I. THE COURT SHOULD TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, AND ALLOW THIS ACTION TO PROCEED AS PART OF THE BANKRUPTCY CASE.**

A two-step process is followed to determine whether to transfer an action pending in a district court to a bankruptcy court. "First, the Court must determine whether there is "'relating to' jurisdiction under 28 U.S.C. § 1334(b). Second, if there is such jurisdiction, the Court must ask whether transfer is appropriate 'in the interest of justice or for the convenience of the parties' under 28 U.S.C. § 1412." *Lonquist Field Servs., LLC v. Dominion Proppants, LLC*, No. 1:19-CV-00213-JAR, 2020 WL 5230887, at *1 (E.D. Mo. Sept. 2, 2020). Of note, a motion to transfer an action "related to" a bankruptcy proceeding can brought by the bankruptcy debtor itself or a third party. *See, e.g.*, *Quick v. Viziqor Sols., Inc.*, No. 406CV637SNL, 2007 WL 494924, at *3 (E.D. Mo. Feb. 12, 2007) (granting motion to transfer venue to bankruptcy court where movant was not the debtor but rather a party upon whom liability was asserted under an alter ego theory).

3

### A. Step One: "Related to" Jurisdiction

A district court may refer or transfer proceedings over which it has jurisdiction to a bankruptcy court, including proceedings that "arise under title 11," as well as those proceedings that are "related to" a case that arises under title 11. *Cutcliff v. Reuter*, 791 F.3d 875, 881 (8th Cir. 2015). This is because bankruptcy courts have subject matter jurisdiction over any claim that is "related to" a case under title 11. 28 U.S.C. § 1334(b). A matter is "related to" a bankruptcy case "if the outcome of the claim could have any conceivable affect upon the bankruptcy estate." *Valley Food Servs., LLC v. Schoenhofer (In re Valley Food Servs., LLC)*, 377 B.R. 207, 212 (B.A.P. 8th Cir. 2007). "This broad test is met if the proceeding 'could alter the debtor's rights, liabilities, options, or freedom of action… and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *Cutcliff*, 791 F.3d at 881–82. Indeed, "[e]ven a proceeding which portends a mere contingent or tangential effect on a debtor's estate meets this broad jurisdictional test." *Id.* at 882; *see also Lonquist Field Servs., LLC*, 2020 WL 5230887, at *1 (noting the Eighth Circuit's adoption of the broad "conceivable effect" test); *Quick*, 2007 WL 494924, at *2. Ultimately, this breadth of "related to" jurisdiction reflects Congress's intent "to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with [a] bankruptcy estate." *Quick*, 2007 WL 494924, at *2.

Here, the State Court Action, while not technically arising under title 11, is, at its core, a Corizon Health (Debtor) dispute stemming from a Corizon Health (Debtor) contract. The resolution of the State Court Action will certainly have a conceivable affect upon the Bankruptcy Case. Indeed, CHS TX's insurer for purposes of the State Court Action will not assume the defense of CHS TX in the State Court Action because the insurance policy providing coverage is

an asset of the Debtor's (Corizon Health) bankruptcy estate. That same insurance policy is the insurance policy that would provide coverage to Debtor for the claims asserted by its 279 unsecured creditors. *See* **Ex. B**. As such, because the same insurance policy would provide coverage in the State Court Action and to Debtor with respect to the claims asserted by its 279 unsecured creditors, the "ultimate disposition of this case will impact the amount that creditors are able to recover from [Debtor]." *Lonquist Field Servs., LLC*, 2020 WL 5230887, at *1.

The State Court Action is therefore "related to" the Bankruptcy Case, and the first inquiry of the transfer analysis is satisfied.

B.     **Step Two: Transfer is Appropriate**

Because there is "relating to" jurisdiction, the Court must then ask whether transfer is appropriate under 28 U.S.C. § 1412. "Section 1412 provides that '[A] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.' 28 U.S.C. § 1412. Thus, a district court may transfer under § 1412 upon a sufficient showing of either the interest of justice or for the convenience of the parties." *Quick*, 2007 WL 494924, at *3. While this determination is ultimately left to the discretion of the district court (*Lonquist Field Servs., LLC*, 2020 WL 5230887, at *2), "[g]enerally, there is a 'strong presumption in favor of placing venue in the district court where the bankruptcy case is pending.'" *Id.* (citing *Krakowski v. American Airlines, Inc.*, 927 F.Supp.2d 769, 774 (E.D. Mo. 2013)).

Here, the transfer of the State Court Action to the Bankruptcy Court will serve the interests of justice and the convenience of the parties. Again, the State Court Action is, at its core, a Corizon Health [Debtor] action. The insurance policy that will provide recovery to Plaintiff in the State Court Action, if any, is a Corizon [Debtor] policy that presumably provides

5

coverage to hundreds of other unsecured creditors in the Bankruptcy Case. *See Quick*, 2007 WL 494924, at *4 (taking into consideration a debtor's other creditors when determining whether to transfer an action to bankruptcy court pursuant to § 1412). It is in Bankruptcy Court, not here, where Plaintiff will have the best chance of recovery of the $515,500.00 alleged to be owed to it. Moreover, like in *Lonquist Field Servs., LLC* where a district court chose to exercise its discretion to transfer an action to bankruptcy court, here the "transfer would not require substantial duplication of judicial efforts at this early stage of litigation." *Id.*

In accordance with the foregoing, CHS TX respectfully requests that this Court enter an order transferring venue this action to the United States Bankruptcy Court for the Southern District of Texas, Houston Division and docketing it as an Adversary Proceeding in Chapter 11 Case No. 23-90086.

Respectfully Submitted,

*s/ R. Thomas Warburton*
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com

*Attorney for CHS TX, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 14, 2023, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

  Sheena Hamilton
  Erin McGowan
  Affirmative Litigation Unit
  314 City Hall
  1200 Market St.
  St. Louis, MO 63103
  mcgowane@stlouis-mo.gov

  *Attorneys for Plaintiff*

  CSC-Lawyers Incorporating
  Service Co.
  221 Bolivar St.
  Jefferson City, MO 65101

  *Registered Agent for Great Midwest*
  *Insurance Co.*

  Corporation Service Company
  251 Little Falls Drive
  Wilmington, DE 19808

  *Registered Agent for Lexington*
  *Insurance, Co.*

                 *s/ R. Thomas Warburton*
                 R. Thomas Warburton