**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **CITY OF ST. LOUIS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 4:23-CV-00987** |
| ) | |
| **CHS TX, INC., D/B/A YESCARE,** ) | **Removed from the Circuit Court of** |
| **LEXINGTON INSURANCE CO.,** *and* ) | **St. Louis City, Missouri** |
| **GREAT MIDWEST INSURANCE CO.,** ) | **Case No. 2322-CC01330** |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

---

## DEFENDANT CHS TX, INC.'S ANSWER

Defendant, CHS TX, Inc. d/b/a YesCare ("CHS TX"), for its Answer to Plaintiff City of St. Louis' ("Plaintiff" or "City of St. Louis") Complaint, states as follows.

### INTRODUCTION

Plaintiff's Introduction is not a proper form of pleading and requires no response. To the extent a response is required CHS TX denies the allegations set forth in the Introduction.

### PARTIES

1.      CHS TX admits the allegations contained in Paragraph 1 of the Complaint.

2.      CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      The First Amendment and Extension of the 2019 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the First Amendment and Extension of the 2019 Health Services Agreement.

4.      CHS TX admits that Corizon, LLC is a former Missouri limited liability company that provided correctional healthcare services.

5.      CHS TX denies the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint does not require a response by CHS TX; however, CHS TX objects to Plaintiff's definition that purports to combine three different entities as one.

7.      CHS TX denies the allegations contained in Paragraph 7 of the Complaint as stated.

8.      Upon information and belief, CHS TX admits the allegations contained in Paragraph 8 of the Complaint.

9.      CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      CHS TX admits the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.      CHS TX admits that venue in the United States District Court for the Eastern District of Missouri, the court to which the action was removed, is proper.

12.      CHS TX admits that the United States District Court for the Eastern District of Missouri, the court to which the action was removed, has jurisdiction over it. CHS TX denies any remaining allegations contained in Paragraph 12 of the Complaint not expressly admitted herein.

13.      CHS TX admits that the United States District Court for the Eastern District of Missouri, the court to which the action was removed, has jurisdiction over it. CHS TX denies any remaining allegations contained in Paragraph 13 of the Complaint not expressly admitted herein.

14.      CHS TX admits the allegations contained in Paragraph 14 of the Complaint but denies that Plaintiff is entitled to declaratory relief.

## ALLEGATIONS AND CLAIM

15.     CHS TX admits that Corizon, LLC and Plaintiff entered a Health Services Agreement in June 2014. The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

16.     The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

17.     The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

18.     CHS TX admits the allegations contained in Paragraph 18 of the Complaint to the extent that it alleges that CHS TX provides medical services to CJC.

19.     The 2019 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2019 Health Services Agreement.

20.     CHS TX admits that it in November 2022 entered a First Amendment and Extension to the 2019 Health Services Agreement. The First Amendment and Extension speaks for itself and CHS TX denies any allegations inconsistent with the terms of the First Amendment and Extension.

21.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     CHS TX denies the allegations contained in Paragraph 23 of the Complaint.

24.     CHS TX denies the allegations contained in Paragraph 24 of the Complaint.

25.     CHS TX denies the allegations contained in Paragraph 25 of the Complaint.

26.     CHS TX denies the allegations contained in Paragraph 26 of the Complaint.

27.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     CHS TX denies the allegations contained in Paragraph 29 of the Complaint.

30.     CHS TX denies the allegations contained in Paragraph 30 of the Complaint.

31.     CHS TX denies the allegations contained in Paragraph 31 of the Complaint.

32.     CHS TX denies the allegations contained in Paragraph 32 of the Complaint.

33.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     The Suicide Prevention Policy speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Suicide Prevention Policy.

38.     CHS TX denies the allegations contained in Paragraph 38 of the Complaint.

39.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     CHS TX denies the allegations contained in Paragraph 41 of the Complaint.

42.     CHS TX denies the allegations contained in Paragraph 42 of the Complaint.

43.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Sections 5.1 and 5.2 speak for themselves and CHS TX denies any allegations inconsistent with the terms of Sections 5.1 and 5.2.

45.     The Suicide Prevention Policy speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Suicide Prevention Policy.

46.     With respect to Paragraph 46 of the Complaint, the Suicide Prevention Policy speaks for itself and CHS TX denies any allegations inconsistent therewith.

47.     CHS TX denies the allegations contained in Paragraph 47 of the Complaint.

48.     Upon information and belief, Brison hung himself and later died. CHS TX is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint.

49.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     CHS TX denies the allegations contained in Paragraph 51 of the Complaint.

52.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.     The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

54.     The Scope of Work in the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Scope of Work in the 2014 Health Services Agreement.

55.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     CHS TX denies the allegations contained in Paragraph 56 of the Complaint.

57.     CHS TX denies that Dr. A.E. Daniel was previously an employee of Corizon. CHS TX is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Complaint.

58.     CHS TX denies the allegations contained in Paragraph 58 of the Complaint.

59.     CHS TX denies the allegations contained in Paragraph 59 of the Complaint.

60.     CHS TX denies the allegations contained in Paragraph 60 of the Complaint.

61.     CHS TX denies the allegations contained in Paragraph 61 of the Complaint.

62.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

65.     CHS TX admits the allegations contained in Paragraph 65 of the Complaint.

66.     CHS TX admits the allegations contained in Paragraph 66 of the Complaint.

67.     CHS TX admits the allegations contained in Paragraph 67 of the Complaint.

68.     Policy No. 6797600 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 679600.

69.     CHS TX admits the allegations contained in Paragraph 69 of the Complaint.

70.     Policy No. 6797600 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 679600.

71.     CHS TX admits the allegations contained in Paragraph 71 of the Complaint.

72.     Policy No. 6797142 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 6797142.

73.     CHS TX denies the allegations contained in Paragraph 73 of the Complaint as stated as Paragraph 73 contains an incomplete recitation of the definition of "Occurrence" as contained in Policy No. 6797142. Policy No. 6797142 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 6797142.

74.     CHS TX denies the allegations contained in Paragraph 74 of the Complaint as stated as Paragraph 74 contains an incomplete recitation of the quoted section of Policy No. 6797142. Policy No. 6797142 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 6797142.

75.     CHS TX admits the allegations contained in Paragraph 75 of the Complaint.

76.     CHS TX admits the allegations contained in Paragraph 76 of the Complaint.

77.     CHS TX admits the allegations contained in Paragraph 77 of the Complaint.

78.     Section 10.2 of the 2014 and 2019 Health Services Agreements speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 10.2 of the 2014 and 2019 Health Services Agreements.

79.     CHS TX denies the allegations contained in Paragraph 79 of the Complaint as stated as Paragraph 79 contains an incomplete recitation of Section 10.2 of the 2019 Health Services Agreement. The 2019 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2019 Health Services Agreement.

80.     CHS TX is without knowledge or information sufficient to form a belief as to whether Lexington "refused multiple City demands for defense and indemnification." CHS TX denies the remaining allegations contained in Paragraph 80 of the Complaint as stated.

81.     CHS TX admits that Plaintiff tendered complete defense of the Lawsuit to Corizon on or about March 13, 2018.

82.     CHS TX admits the allegations in Paragraph 82 of the Complaint.

83.     CHS TX denies the allegations contained in Paragraph 83 of the Complaint as stated.

84.     CHS TX admits that Plaintiff sent a third request for representation on June 17, 2022. CHS TX denies the remaining allegations contained in Paragraph 84 of the Complaint.

85.     CHS TX admits that on or about November 1, 2022 a notice of default was served by Plaintiff. CHS TX denies the remaining allegations contained in Paragraph 85 of the Complaint as stated.

86.     CHS TX admits the allegations contained in Paragraph 86 of the Complaint.

87.     The 2019 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2019 Health Services Agreement.

88.     CHS TX denies the allegations contained in Paragraph 88 of the Complaint as stated.

89.     CHS TX admits that it purchased Bond No. CM222765 in the amount of $1,515,969.60 from Defendant Great Midwest. Bond No. CM222765 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Bond No. CM222765.

90.     CHS TX denies the allegations contained in Paragraph 90 of the Complaint as stated as Paragraph 90 contains an incomplete recitation of the Performance Bond. The Performance Bond speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Performance Bond.

91.     CHS TX admits the allegations contained in Paragraph 91 of the Complaint.

92.     CHS TX denies the allegations contained in Paragraph 92 of the Complaint as stated.

93.     CHS TX denies the allegations in Paragraph 93 of the Complaint as stated.

94.     CHS TX denies the allegations contained in Paragraph 94 of the Complaint.

95.     CHS TX denies the allegations contained in Paragraph 95 of the Complaint.

96.     CHS TX denies the allegations contained in Paragraph 96 of the Complaint.

97.     CHS TX denies the allegations contained in Paragraph 97 of the Complaint.

98.     CHS TX denies the allegations contained in Paragraph 98 of the Complaint as stated.

99.     CHS TX denies the allegations contained in Paragraph 99 of the Complaint.

100.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

## COUNT I – DECLARATORY JUDGMENT THAT CITY IS ENTITLED TO INDEMNIFICATION BY YESCARE IN PERRY V. CITY OF SAINT LOUIS, NO. 4:17-CV-00981

105.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

106.    Sections 1.2, 5.1, 5.2, and the Scope of Work of the 2014 Health Services Agreement speak for themselves and CHS TX denies any allegations inconsistent with the terms of Sections 1.2, 5.1, 5.2, and the Scope of Work of the 2014 Health Services Agreement.

107.    Section 14 of the Scope of Work of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 14 of the Scope of Work of the 2014 Health Services Agreement.

108.    Sections 5.1 and 5.2 of the 2014 Health Services Agreement speak for themselves and CHS TX denies any allegations inconsistent with the terms of Sections 5.1 and 5.2 of the 2014 Health Services Agreement.

109.    Section 4.3 of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 4.3 of the 2014 Health Services Agreement.

110.    Section 6(j) of the Scope of Work speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 6(j) of the Scope of Work.

111.    Section F(2)(c) of the Scope of Work speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section F(2)(c) of the Scope of Work.

112.    CHS TX denies the allegations contained in Paragraph 112 of the Complaint.

113.    CHS TX denies the allegations contained in Paragraph 112 of the Complaint.

114.    CHS TX denies the allegations contained in Paragraph 114 of the Complaint as stated as Paragraph 114 contains an incomplete recitation of Section 10.2 of the 2014 Health Services Agreement. The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

115.    CHS TX admits that on March 13, 2018 the City tendered complete defense of the Lawsuit to Corizon.

116.    CHS TX admits the allegations contained in Paragraph 116 of the Complaint.

117.    CHS TX denies the allegations contained in Paragraph 117 of the Complaint as stated.

118.    CHS TX denies the allegations contained in Paragraph 118 of the Complaint as stated.

119.    CHS TX denies the allegations contained in Paragraph 119 of the Complaint.

120.    CHS TX denies the allegations contained in Paragraph 120 of the Complaint.

121.    CHS TX denies the allegations contained in Paragraph 121 of the Complaint.

122.    CHS TX denies the allegations contained in Paragraph 122 of the Complaint.

123.    CHS TX denies the allegations contained in Paragraph 123 of the Complaint.

124.    CHS TX denies the allegations contained in Paragraph 124 of the Complaint.

125.    CHS TX denies the allegations contained in Paragraph 125 of the Complaint.

**COUNT II – YESCARE IS LIABLE FOR CORIZON'S BREACH OF CONTRACT STEMMING FROM ITS FAILURE TO TRANSFER MEDICAL RECORDS PURSUANT TO THE 2014 AGREEMENT**

126.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

127.    Section 14 of the Scope of Work of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 14 of the Scope of Work of the 2014 Health Services Agreement.

128.    Section 14 of the Scope of Work of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 14 of the Scope of Work of the 2014 Health Services Agreement.

129.    The Suicide Prevention Policy speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Suicide Prevention Policy.

130.    The Suicide Prevention Policy speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Suicide Prevention Policy.

131.    Section 14 of the Scope of Work of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 14 of the Scope of Work of the 2014 Health Services Agreement.

132.    CHS TX denies the allegations contained in Paragraph 132 of the Complaint.

133.    CHS TX denies the allegations contained in Paragraph 133 of the Complaint.

134.    CHS TX denies the allegations contained in Paragraph 134 of the Complaint.

135.    CHS TX denies the allegations contained in Paragraph 135 of the Complaint.

136.     The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

137.     Section 14 of the Scope of Work of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 14 of the Scope of Work of the 2014 Health Services Agreement.

138.     The Suicide Prevention Policy speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Suicide Prevention Policy.

139.     CHS TX denies the allegations contained in Paragraph 139 of the Complaint.

140.     CHS TX denies the allegations contained in Paragraph 140 of the Complaint.

141.     CHS TX denies the allegations contained in Paragraph 141 of the Complaint.

**COUNT III – YESCARE IS LIABLE FOR CORIZON'S BREACH OF CONTRACT STEMMING FROM ITS FAILURE TO PURCHASE A POLICY OF INSURANCE PURSUANT TO SECTION 10.1 OF THE 2014 AGREEMENT**

142.     CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

143.     Section 10.1 of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with Section 10.1 of the 2014 Health Services Agreement.

144.     CHS TX denies the allegations contained in Paragraph 144 of the Complaint.

145.     CHS TX denies the allegations contained in Paragraph 145 of the Complaint.

146.     CHS TX denies it was obligated to pay the amount toward the exhaustion of the SIR as alleged in Paragraph 146 of the Complaint.

147.     Paragraph 147 of the Complaint contains a legal conclusion to which CHS TX is not required to respond, therefore denied.

148.     CHS TX denies the allegations contained in Paragraph 148 of the Complaint.

149.    CHS TX denies the allegations contained in Paragraph 149 of the Complaint.

## COUNT IV – DECLARATORY AND INJUNCTIVE RELIEF THAT CITY IS ENTITLED TO COVERAGE UNDER CORIZON'S LEXINGTON INSURANCE POLICY NO. 6797600

150.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

151.    CHS TX denies the allegations contained in Paragraph 151 of the Complaint as stated.

152.    CHS TX admits the allegations contained in Paragraph 152 of the Complaint.

153.    CHS TX denies the allegations contained in Paragraph 153 of the Complaint.

154.    CHS TX admits the allegations contained in Paragraph 154 of the Complaint.

155.    Policy No. 6797600, Endorsement Number 17 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 6797600, Endorsement Number 17.

156.    CHS TX admits the allegations contained in Paragraph 156 of the Complaint.

157.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint.

158.    The allegations contained in Paragraph 158 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

159.    The allegations contained in Paragraph 159 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

160.    CHS TX denies the allegations contained in Paragraph 160 of the Complaint.

161.    CHS TX denies the allegations contained in Paragraph 161 of the Complaint.

**COUNT V – DECLARATORY AND INJUNCTIVE RELIEF THAT CITY IS ENTITLED TO COVERAGE UNDER CORIZON'S LEXINGTON INSURANCE POLICY NO. 6797142**

162.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

163.    CHS TX denies the allegations contained in Paragraph 163 of the Complaint as stated.

164.    CHS TX admits the allegations contained in Paragraph 164 of the Complaint.

165.    The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

166.    Section 4.3 of the 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of Section 4.3 of the 2014 Health Services Agreement.

167.    Section 6(j) of the Scope of Work speaks for itself and CHS TX denies any allegations inconsistent with section 6(j) of the Scope of Work.

168.    Section F(2)(c) of the Scope of Work speaks for itself and CHS TX denies any allegations inconsistent with section F(2)(c) of the Scope of Work.

169.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint.

170.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint.

171.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint.

172.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint.

173.    Endorsement No. 2 to Lexington Policy No. 6797142 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Endorsement No. 2 to Lexington Policy No. 6797142.

174.    The 2014 Health Services Agreement speaks for itself and CHS TX denies any allegations inconsistent with the terms of the 2014 Health Services Agreement.

175.    Policy No. 6797142 speaks for itself and CHS TX denies any allegations inconsistent with the terms of Policy No. 6797142.

176.    CHS TX denies the allegations contained in Paragraph 176 of the Complaint.

**COUNT VI – YESCARE IS LIABLE FOR CORIZON'S BREACH OF DUTY OF GOOD FAITH**

177.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

178.    The 2014 and 2019 Health Services Agreements speak for themselves and CHS TX denies any allegations inconsistent with the terms of the 2014 and 2019 Health Services Agreements.

179.    CHS TX denies the allegations contained in Paragraph 179 of the Complaint.

180.    CHS TX denies the allegations contained in Paragraph 180 of the Complaint.

181.    CHS TX denies the allegations contained in Paragraph 181 of the Complaint as stated as Paragraph 181 contains an incomplete recitation of the 2014 and 2019 Health Services Agreements. The 2014 and 2019 Health Services Agreements speak for themselves and CHS TX denies any allegations inconsistent with the terms of the 2014 and 2019 Health Services Agreements.

182.    CHS TX denies the allegations contained in Paragraph 182 of the Complaint as stated as Paragraph 182 contains an incomplete recitation of the 2014 and 2019 Health Services Agreements. The 2014 and 2019 Health Services Agreements speak for themselves and CHS TX denies any allegations inconsistent with the terms of the 2014 and 2019 Health Services Agreements.

183.    CHS TX denies the allegations contained in Paragraph 183 of the Complaint.

184.    CHS TX denies the allegations contained in Paragraph 184 of the Complaint.

185.    CHS TX denies all allegations contained in Paragraph 185 of the Complaint.

186.    The Lexington Policy No. 6797600 SIR declaration speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Lexington Policy No. 6797600 SIR declaration.

187.    CHS TX denies the allegations contained in Paragraph 187 of the Complaint.

188.    CHS TX denies the allegations contained in Paragraph 188 of the Complaint.

189.    CHS TX denies the allegations contained in Paragraph 189 of the Complaint.

190.    CHS TX denies the allegations contained in Paragraph 190 of the Complaint.

191.    CHS TX denies the allegations contained in Paragraph 191 of the Complaint.

192.    CHS TX denies the allegations contained in Paragraph 192 of the Complaint.

193.    CHS TX denies the allegations contained in Paragraph 193 of the Complaint as stated.

## COUNT VII – BREACH OF DUTY OF GOOD FAITH BY LEXINGTON

194.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

195.    The allegations contained in Paragraph 195 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

196.    The allegations contained in Paragraph 196 of the Complain are not directed to CHS TX, and CHS TX therefore provides no response.

197.    The allegations contained in Paragraph 197 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

198.    The allegations contained in Paragraph 198 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

199.    The allegations contained in Paragraph 199 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

200.    The allegations contained in Paragraph 200 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

201.    The allegations contained in Paragraph 201 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

202.    The allegations contained in Paragraph 202 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

203.    The allegations contained in Paragraph 203 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

204.    The allegations contained in Paragraph 204 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

**COUNT VIII – CITY IS ENTITLED PURSUANT TO § 375.296 AND § 375.420 TO ADDITIONAL DAMAGES FOR VEXATIOUS REFUSAL TO PERFORM UNDER INSURANCE POLICY**

205.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

206.    Paragraph 206 of the Complaint is a statement of law and requires no response by CHS TX.

207.    CHS TX admits the allegations contained in Paragraph 207 of the Complaint.

208.    CHS TX admits the allegations contained in Paragraph 208 of the Complaint.

209.    CHS TX is without knowledge or  information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Complaint.

210.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Complaint.

211.    CHS TX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Complaint.

212.    The allegations contained in Paragraph 212 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

213.    The allegations contained in Paragraph 213 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

214.    CHS TX denies the allegations contained in Paragraph 214 of the Complaint.

215.    The allegations contained in Paragraph 215 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

216.    The allegations contained in Paragraph 216 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

**COUNT IX – DECLARATORY JUDGMENT THAT GREAT MIDWEST IS
LIABLE TO PAY CITY DAMAGES RESULTING FROM YESCARE'S FAILURE TO
INDEMNIFY AND DEFEND**

217.    CHS TX incorporates and realleges its previous responses to the preceding paragraphs as though fully set forth herein.

218.    CHS TX denies the allegations contained in Paragraph 218 of the Complaint as stated as Paragraph 218 contains an incomplete recitation of the 2014 and 2019 Health Services Agreements. The 2014 and 2019 Health Services Agreements speak for themselves and CHS TX denies any allegations inconsistent with the terms of the 2014 and 2019 Health Services Agreements.

219.    CHS TX denies the allegations contained in Paragraph 219 of the Complaint.

220.    CHS TX denies the allegations contained in Paragraph 220 of the Complaint.

221.    CHS TX denies the allegations contained in Paragraph 221 of the Complaint.

222.    CHS TX denies the allegations contained in Paragraph 222 of the Complaint.

223.    CHS TX denies the allegations contained in Paragraph 223 of the Complaint as stated as Paragraph 223 contains an incomplete recitation of the Performance Bond. The Performance Bond speaks for itself and CHS TX denies any allegations inconsistent with the terms of the Performance Bond.

224.    The allegations contained in Paragraph 224 of the Complaint, to the extent those allegations contained Great Midwest's purported assumption of liability, are not directed to CHS TX, and CHS TX therefore provides no response. CHS TX denies the remaining allegations contained in Paragraph 224 of the Complaint.

225.    The allegations contained in Paragraph 225 of the Complaint are not directed to CHS TX, and CHS TX therefore provides no response.

20

## **REQUEST FOR RELIEF**

CHS TX denies that Plaintiff is entitled to the relief requested in the Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, and laches.

3.      To the extent that any injury or damage sustained has been compensated in whole or in part, any recovery to which Plaintiff might otherwise be entitled is barred or shall be reduced thereby.

4.      Plaintiff's claims are barred due to the failure of a condition precedent.

5.      Plaintiff's claims are barred because Corizon did not breach the underlying agreements.

6.      CHS TX reserves the right to plead additional affirmative defenses as its investigation and discovery continues.

**WHEREFORE**, CHS TX respectfully requests that the Court:

1.      Dismiss the Complaint with prejudice;

2.      Grant a jury trial on all issues so triable;

3.      Award the CHS TX its costs incurred in defending this action; *and*

4.      Award CHS TX any and all other relief to which it appears entitled.

Respectfully Submitted,


*s/ R. Thomas Warburton*
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com


*Attorney for CHS TX, Inc. and Great Midwest Insurance, Co.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 25, 2023, a true and exact copy of the foregoing was served via the Court's electronic case filing system upon the following:

Sheena Hamilton
Erin McGowan
Affirmative Litigation Unit
314 City Hall
1200 Market St.
St. Louis, MO  63103

*Attorneys for Plaintiff*

Corporation Service Company
251 Little Falls Drive
Wilmington, DE  19808

*Registered Agent for Lexington Insurance Co.*

*s/ R. Thomas Warburton*
R. Thomas Warburton