**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF ST. LOUIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:23-CV-00987-SRW** |
| **v.** | ) | |
| | ) | |
| **CHS TX, INC., D/B/A/ YESCARE,** | ) | |
| **LEXINGTON INSURANCE CO., and** | ) | |
| **GREAT MIDWEST INSURANCE CO.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff City of St. Louis (the "City"), by and through undersigned counsel, timely moves under 28 U.S.C. § 1447(c) to remand this proceeding to state court.  In support, the City states the following:

1.  On June 30, 2023, the City filed this case in the Twenty-Second Judicial Circuit of Missouri, styled as *City of St. Louis v. CHS TX, Inc., et al.*, No. 2322-CC01330, bringing ten state law claims against CHS TX, Inc., d/b/a/ YesCare ("YesCare"), Lexington Insurance Company, and Great Midwest Insurance Company (collectively, "Defendants").

2.  In this case, the City seeks a declaratory judgment stating that Defendants are liable to  the City for all of the costs and expenses incurred during the defense and settlement in an underlying wrongful death lawsuit, *Perry v. City of St. Louis, et al.*, No. 4:17-cv-00981, involving an inmate who committed suicide after being transferred from the City's jail to the City of Jennings Detention Center.

3.  In a November 2022 amendment and extension to the Health Services Agreement ("HSA") between Corizon, LLC ("Corizon") and the City, YesCare warranted that it had assumed

all responsibilities, rights, liabilities, and obligations of Corizon, Corizon Health, Inc. ("Corizon Health"), and their successors in interest related to the City's 2019 HSA with YesCare, as well as all previous agreements between Corizon or Corizon Health and the City.

4. On August 8, 2023, YesCare filed a notice of removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  Defendants do not cite any other basis for removal.

5. YesCare's removal filings did not include eight exhibits attached to the City's petition.

6. Removal statutes are strictly construed, and federal courts are to resolve all doubts about federal jurisdiction in favor of remand.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

7. Defendants seeking to remove a civil action to federal court shall file a notice of removal signed under Fed. R. Civ. P. 11 and containing a short and plain statement of the grounds for removal, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).

8. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," and "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."   28 U.S.C. § 1447(c)-(d).

9. The failure to comply with § 1446(a)'s requirement that a notice of removal must be filed together with a copy of all process, pleadings, and orders served constitutes a defect in the removal procedure within the meaning of § 1447(c), and any remand order based on a

timely § 1447(c) motion to remand for procedural defects in the removal is unreviewable. *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1208-09 (11th Cir. 2003).

10. When a district court characterizes its remand decision as being based on a ground in § 1447(c), review of the remand order, "to the extent it is permissible at all, should be limited to confirming that that characterization was colorable." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007).

11. YesCare's failure to comply with § 1446(a)'s requirement that a notice of removal must be filed together with a copy of all process, pleadings, and orders served constitutes a defect in the removal procedure that supports remanding the case to state court under § 1447. *See* 28 U.S.C. § 1447(c)-(d); *Powerex*, 551 U.S. at 234; *Velchez*, 331 F.3d at 1208-09.

For the foregoing reasons, and for the reasons explained in the accompanying memorandum in support of this motion, the City respectfully requests that the Court remand this case to state court.

Dated:  September 1, 2023          Respectfully submitted,

                                   **SHEENA HAMILTON**
                                   **CITY COUNSELOR**

                          By:  */s/* Erin K. McGowan
                               Erin McGowan                    #64020MO
                               ***Associate City Counselor, Affirmative Litigation Unit***

                               314 City Hall
                               1200 Market St.
                               St. Louis, Missouri 63103
                               (314) 622-3361 (telephone)
                               (314) 622-4956 (facsimile)
                               mcgowane@stlouis-mo.gov
                               *Attorney for City of St. Louis*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 1, 2023, **Plaintiff's Motion to Remand** was electronically filed with the Clerk of Court using the Court's ECF filing system, to be served on all counsel of record.

                               */s/* Erin K.  McGowan

4