# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CITY OF ST. LOUIS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:23-CV-00987-SRW |
| v. ) | |
| ) | |
| **CHS TX, INC., D/B/A/ YESCARE,** ) | |
| **LEXINGTON INSURANCE CO., and** ) | |
| **GREAT MIDWEST INSURANCE CO.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Plaintiff City of St. Louis (the "City"), by and through undersigned counsel, timely moves under 28 U.S.C. § 1447(c) to remand this proceeding to state court. In support, the City states the following:

## PRELIMINARY STATEMENT

As relevant background, this case arises from an underlying wrongful-death lawsuit, *Perry v. City of St. Louis, et al.*, No. 4:17-cv-00981, involving an inmate who committed suicide after being transferred from the City's jail to the City of Jennings Detention Center. Approximately four months prior to the inmate's death, the City had contracted with Corizon, LLC ("Corizon") to provide medical treatment and suicide prevention services to inmates at the City's two jails. The inmate's family filed suit against the City, a City employee, and the City of Jennings, among others. With respect to the claims against the City and its employee, all of the alleged material failures were a result of the acts and omissions of Corizon's employees. The City made multiple demands that Corizon defend and indemnify it in the lawsuit, but Corizon and its insurer, Lexington Insurance Company ("Lexington"), repeatedly rejected the City's demands. The City

and its employee ultimately settled the lawsuit for $515,000. In a November 2022 amendment and extension to the Health Services Agreement ("HSA") between Corizon and the City, CHS TX, Inc., d/b/a/ YesCare ("YesCare") warranted that it had assumed all responsibilities, rights, liabilities, and obligations of Corizon, Corizon Health, Inc. ("Corizon Health"), and their successors in interest related to the City's 2019 HSA with YesCare, as well as all previous agreements between Corizon or Corizon Health and the City.

On June 30, 2023, the City filed this case in the Twenty-Second Judicial Circuit of Missouri, styled as *City of St. Louis v. CHS TX, Inc., et al.*, No. 2322-CC01330, bringing ten state law claims against YesCare, Lexington, and Great Midwest Insurance Company ("Great Midwest") alleging that: the City is entitled to indemnification by YesCare in *Perry*, YesCare is liable for Corizon's breaches of contract and its duty of good faith, the City is entitled to coverage under Corizon's Lexington insurance policies, Lexington breached its duty of good faith, the City is entitled additional damages for Lexington's vexatious refusal to perform, and Great Midwest is liable to pay the City damages resulting from YesCare's failure to indemnify and defend. The City seeks a declaratory judgment stating that YesCare, Lexington, and Great Midwest are obligated—under the HSA, insurance policies, and performance bond, respectively—to indemnify the City for all of the costs and expenses incurred during the defense and settlement in *Perry*.

On August 8, 2023, YesCare filed a notice of removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). YesCare does not cite any other basis for removal. YesCare's removal filings did not include eight exhibits attached to the City's petition. The exhibits included important evidentiary materials such as the City's November 2022 amendment and extension to the HSA with YesCare, the City's 2014 and 2019 HSAs with Corizon, the Division of Corrections's suicide prevention policy, the third amended complaint in *Perry*,

Corizon's Lexington insurance policies, and the performance bond issued by Great Midwest to YesCare as surety in favor of the City.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003). Removal statutes are strictly construed, and federal courts are to resolve all doubts about federal jurisdiction in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). The party seeking removal has the burden to establish federal subject matter jurisdiction. *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Defendants seeking to remove a civil action to federal court shall file a notice of removal signed under Fed. R. Civ. P. 11 and containing a short and plain statement of the grounds for removal, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Under 28 U.S.C. § 1447, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," and "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(c)-(d).

The failure to comply with § 1446(a)'s requirement that a notice of removal must be filed together with a copy of all process, pleadings, and orders served constitutes a defect in the removal procedure within the meaning of § 1447(c), and any remand order based on a timely § 1447(c) motion to remand for procedural defects in the removal is unreviewable. *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1208-09 (11th Cir. 2003). When a district court characterizes its remand decision as being based on a ground in § 1447(c), review of the remand order, "to the extent it is

3

permissible at all, should be limited to confirming that that characterization was colorable." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007).

## ARGUMENT

Contrary to YesCare's statement in the notice of removal, it did not meet the procedural requirements of § 1446(a) because it failed to attach "a copy of all process, pleadings, and orders served." *See* 28 U.S.C. § 1446(a). The exhibits YesCare failed to attach included the November 2022 amendment and extension to the HSA, in which YesCare agreed to be contractually bound to assume Corizon's obligations and liabilities under the City's 2019 HSA with Corizon, as well as all previous agreements between Corizon or Corizon Health and the City. *See* Petition, ¶ 21 citing to Exhibit 4 (one of the eight exhibits YesCare failed to attach). YesCare also averred that it was "successor by merger to the rights and obligations of Corizon, LLC" and that Corizon had been providing health care services under the HSA until May 5, 2022 when, "as a result of certain merger transactions, the [HSA] became vested in [YesCare]." While the failure to attach the exhibits may have been an oversight, in light of YesCare's objection to the petition collectively referring to YesCare, Corizon, and Corizon Health as "Corizon" and its failure to acknowledge that the City's claims against YesCare in this case are premised upon YesCare's express agreement to assume all of Corizon's obligations and liabilities under previous agreements between Corizon or Corizon Health and the City, it is also possible that YesCare may have been attempting to obscure material relevant to its pending motion to transfer venue.

In any event, YesCare's failure to comply with § 1446(a)'s requirement that a notice of removal must be filed together with a copy of all process, pleadings, and orders served constitutes a defect in the removal procedure that provides grounds for remanding the case to state court under § 1447. *See* 28 U.S.C. § 1447(c)-(d); *Powerex*, 551 U.S. at 234 (holding that when a district court

4

characterizes its remand decision as being based on a ground in § 1447(c), review of the remand order, should be limited to confirming that that characterization was colorable); *Velchez*, 331 F.3d at 1209 (explaining that the failure to comply with § 1446(a)'s requirement that a notice of removal must be filed together with a copy of all process, pleadings, and orders served constitutes a defect in the removal procedure within the meaning of § 1447(c)).

Finally, the City notes that it will be filing a response in opposition to YesCare's motion to transfer, as a transfer to the United States Bankruptcy Court for the Southern District of Texas is not appropriate in this case. As the City will explain in its response, YesCare has not declared bankruptcy, explained how this case is "related to" Tehum Care Services, Inc.'s bankruptcy proceedings, or shown that a transfer would be in the interest of justice or the convenience of the parties.

## **CONCLUSION**

Accordingly, the City respectfully requests that the Court remand this case to state court.

Dated: September 1, 2023

Respectfully submitted,

**SHEENA HAMILTON
CITY COUNSELOR**

By: */s/* Erin K. McGowan
    Erin McGowan     #64020MO
    *Associate City Counselor, Affirmative Litigation Unit*

    314 City Hall
    1200 Market St.
    St. Louis, Missouri 63103
    (314) 622-3361 (telephone)
    (314) 622-4956 (facsimile)
    mcgowane@stlouis-mo.gov
    *Attorney for the City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, **Memorandum in Support of Plaintiff's Motion to Remand** was electronically filed with the Clerk of Court using the Court's ECF filing system, to be served on all counsel of record.

                                            */s/* Erin K. McGowan