IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **CITY OF ST. LOUIS,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-CV-00987 |
| | ) | |
| **CHS TX, INC., D/B/A YESCARE,** | ) | Removed from the Circuit Court of |
| **LEXINGTON INSURANCE CO., and** | ) | St. Louis City, Missouri |
| **GREAT MIDWEST INSURANCE CO.,** | ) | Case No. 2322-CC01330 |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### CHS TX, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant CHS TX, Inc. d/b/a YesCare ("CHS TX"), for its Response in Opposition to Plaintiff's Motion to Remand, Doc. No. 15 (the "Motion"), states as follows:

### BACKGROUND

On June 30, 2023, Plaintiff City of St. Louis ("Plaintiff") filed a Complaint against Defendants in the Circuit Court for St. Louis City, Missouri, Civil Action No. 2322-CC01330. Throughout the Complaint, Plaintiff cites seven exhibits, four of which Plaintiff purports to be "attached." Compl., ¶¶ 15, 17, 19–20. This is not accurate. Indeed, for reasons unknown, Plaintiff failed to file, attach, or otherwise serve any of the purported exhibits to the Complaint. *See* State Court Docket, Doc. No. 1-1, PageID # 7 (showing that Plaintiff filed a petition along with a filing

1

sheet but no exhibits); CHS TX Service Packet, attached as **Exhibit A** (showing that no exhibits were served on CHS TX with the Complaint).

Given the complete diversity between the parties, CHS TX, with Great Midwest's consent, removed the action to this Court on August 8, 2023. *See* Notice of Removal, Doc. No. 1. In accordance with 28 U.S.C. § 1446(a), CHS TX attached "a copy of all process, pleadings, and orders served upon [CHS TX] in [this] action" as collective Exhibit B to its Notice of Removal. *See* Doc. No. 1-2. This collective exhibit did not include the purported exhibits to the Complaint (nor could it) because no such exhibits were filed by Plaintiff or served on CHS TX. *See generally id.* Indeed, CHS TX did not receive the exhibits until after removal when it, through counsel, contacted Plaintiff to specifically request the exhibits, which Plaintiff then sent. *See* Email from Plaintiff's Representative Sending Exhibits Post-Removal, attached as **Exhibit B**.

Plaintiff now moves to remand this action to state court, arguing not that the requirements for federal diversity jurisdiction are unsatisfied, but rather that remand is appropriate based on a misplaced purported technicality: that the Notice of Removal failed to include Plaintiff's exhibits to the Complaint. *See* Doc. No. 16. This borders on bad faith. Not only does this remand argument fail as the prejudice caused by a failure to attach such exhibits is, if anything, *de minimis* and curable, it also fails because CHS TX had no obligation to attach exhibits to the Notice of Removal that Plaintiff failed to attach, file, or otherwise serve. *See id.*

## **ARGUMENT**

Preliminarily, Plaintiff suggests that *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) creates a presumption in favor of remand in diversity cases. While it is true that the removal statute (28 U.S.C. § 1446) is narrowly construed to ensure that the requirements for federal jurisdiction are satisfied, the law "falls short of creating a 'presumption' in favor of remand."

*Gillpatrick v. Frakes*, 4:18CV3011, 2018 WL 1955123, at *3 (D. Neb. Apr. 17, 2018); *see also Leflar v. Target Corp.*, 57 F.4th 600, 605 n.2 (8th Cir. 2023) ("There is good reason to believe that the anti-removal presumption also has no place in ordinary diversity cases after Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011.").[1]

Even if there was such a presumption, it would not be applicable as CHS TX plainly satisfied its obligation under 28 U.S.C. § 1446(a). Plaintiff's entire argument for remand relies exclusively on 28 U.S.C. § 1446(a) and CHS TX's purported failure to attach a copy of all "process, pleadings, and orders served." *See* Doc. No. 16. But Plaintiff fails to properly heed the word "served." CHS TX was not served with the exhibits that Plaintiff claims were omitted; instead, CHS TX was served with the exhibit-less Complaint, which it made an exhibit to its Notice of Removal. *See* Doc. No. 1-2; *see also* **Ex. A** (showing that no exhibits were served on CHS TX with the Complaint); **Ex. B** (showing that Plaintiff sent the exhibits to CHS TX's counsel post-removal). CHS TX had no obligation to go on an expedition to find exhibits that Plaintiff failed to file and were not served on CHS TX. *See, e.g.*, *Gillpatrick*, 2018 WL 1955123, at *5 (denying similar motion to remand based on defendants' purported failure to attach a copy of "all process, pleadings, and orders served" as purportedly missing document was not actually served upon defendants, and defendants were "only required to provide items actually served upon them); *Vanderveen v. Gilzeane,* No. 4:11CV5004, 2011 WL 2693195, at *3 (D. Neb. June 10, 2011) (finding that the orders, pleadings, and other documents at issue were not served on the defendants and therefore did not need to be included with

---

[1] *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 865 (E.D. Mo. 2016), indicates there may have been such a presumption as of 2016. *Gillpatrick* and *Leflar* indicate that this portion of *Bailey* should no longer be considered good law.

3

the removal notice). None of this should come as a surprise to Plaintiff either—Plaintiff provided the exhibits to CHS TX's counsel for the first time post-removal. *See* **Ex. B**.

Finally, even if the exhibits were filed and served on CHS TX (they were not), the failure to attach such exhibits to the Notice of Removal would present only *de minimis*, curable harm. *See Walton v. Redlen*, No. 4:14CV00846 ERW, 2014 WL 3384770, at *3 (E.D. Mo. July 10, 2014) (noting the "predominant view" that a removing party's failure to file required state court papers is curable in federal court). Plaintiff's argument that the failure to attach such exhibits presents a strict prohibition to staying in federal court is therefore unfounded—a conclusion with which other courts in Eighth Circuit have agreed in similar cases. *See e.g.*, *Thompson v. Bank of New York Mellon Trust Co.,* No. 4:13CV000120, 2013 WL 11374516, at *2 (E.D. Ark. July 5, 2013) (finding the defendants' "failure to attach all of the state court papers to their original notice of removal is not a fatal defect."); *Baker v. Big Ox Energy, LLC*, 8:18CV493, 2019 WL 1239790, at *1 (D. Neb. Jan. 7, 2019) ("The majority view is that a removing party's failure to attach[ ] the required state papers to a notice of removal is a mere procedural defect that is curable."); *Riggs v. CaseStack, LLC*, No. 5:20-CV-5135, 2020 WL 5568545, at *3 (W.D. Ark. Sept. 17, 2020) ("[T]his Court agrees with the circuit courts that have confronted this issue that [defendant's] failure to include a copy of the process served upon it is de minimis and does not require remand where the basis for removal is otherwise sound."). This is especially true where, like here, the purportedly "missing" documents at issue were drafted by, or otherwise included in the state record on behalf of, the party seeking remand. *See Walton*, 2014 WL 3384770, at *3 (holding that the plaintiff "could not possibly have been prejudiced by the alleged defects [failing to include the entire state court record upon removal], because he was familiar with the contents of the First Amended Petition, having prepared it himself")*; see also Roberts v. Harley Davidson Fin. Servs., Inc.*, No. 4:19-CV-00841-SRB, 2020 WL 13532955, at *3 (W.D. Mo. Jan. 2,

4

2020) (denying motion where basis for remand was removing defendant's mere failure to attach the summons and affidavit of service as the technical defect was remediable, the plaintiff had access to the omitted paperwork, and the plaintiff was not prejudiced by the omission). *Id.* Accordingly, Plaintiff's argument that a minor procedural defect (not attaching Plaintiff's own missing exhibits) is a bar to removal is fundamentally incorrect.

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Remand.

Respectfully Submitted,

*/s/ R. Thomas Warburton*
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL  35203
205.521.8987
twarburton@bradley.com

*Attorney for CHS TX, Inc. and Great Midwest Insurance Co.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2023, a true and exact copy of the foregoing was served via the Court's electronic case filing system upon the following:

Sheena Hamilton
Erin McGowan
Affirmative Litigation Unit
314 City Hall
1200 Market St.
St. Louis, MO 63103

*Attorneys for Plaintiff*

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

*Registered Agent for Lexington Insurance Co.*

                                                */s/ R. Thomas Warburton*
                                                R. Thomas Warburton