UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF ST. LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00987-SRC |
| ) | |
| CHS TX, INC., D/B/A/ YESCARE, ) | |
| LEXINGTON INSURANCE CO., and ) | |
| GREAT MIDWEST INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

## Order

On September 1, 2023, Plaintiff City of St. Louis filed a motion to remand this case to state court. Doc. 15. In that motion and an accompanying memorandum of support, the City argued that the Court should remand this case to state court because CHS TX, Inc., d/b/a YesCare ("CHS TX") failed to include the exhibits attached to the underlying complaint in its notice of removal. *See* Doc. 15; Doc. 16. CHS TX, in turn, claims that it had no legal obligation to include the exhibits in its notice of removal because the City failed to file, attach, or otherwise serve any of the purported exhibits to the complaint. Doc. 19 at p. 1–3.

Assuming that CHS TX violated 28 U.S.C. § 1446(a) by failing to include in its notice of removal "a copy of all process, pleadings, and orders served upon" it, the Court finds that remand is not necessary at this time because this technical defect is curable. *See, e.g.*, *Walton v. Rendlen*, No. 4:14-cv-00846-ERW, 2014 WL 3384770, at *3 (E.D. Mo. July 10, 2014) ("The predominant view is that the removing party's failure to file the required sate court papers is curable in the federal courts if there is a motion to remand." (quotation omitted)); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("We agree with a leading

treatise and with our sister circuits that" failure to attach a document from the underlying state proceeding is a "*de minimis* procedural defect" that is "curable." (citations and quotations omitted)).

Accordingly, the Court denies the City's motion to remand, Doc. 15, and orders CHS TX to file all eight of the City's exhibits as a supplement to CHS TX's notice of removal. If CHS TX fails to do so by October 9, 2023, the Court will remand this case to state court for failure to comply with 28 U.S.C. § 1446(a).

So Ordered this 2nd day of October.

*SLR. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE