IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-CV-00987 |
| | ) | |
| CHS TX, INC., D/B/A YESCARE, | ) | |
| LEXINGTON INSURANCE CO., and | ) | Removed from the Circuit Court of |
| GREAT MIDWEST INSURANCE CO., | ) | St. Louis City, Missouri |
| | ) | Case No. 2322-CC01330 |
| Defendants. | ) | |
| | ) | |

**REPLY IN SUPPORT OF CHS TX, INC.'S MOTION TO TRANSFER VENUE**

Defendant CHS TX, Inc. ("CHS TX") files this Reply in support of its Motion to Transfer Venue (Doc. No. 8) and states as follows:

**I.   The Eighth Circuit's "Extremely Broad" Conceivable Effect Test for "Related to" Jurisdiction Is Satisfied**

At the outset, it is important to note the "extremely broad" conceivable effect test adopted by the Eighth Circuit to assess "related to" jurisdiction. *See Cutcliff v. Reuter*, No. 2:06-CV-04123-NKL, 2013 WL 12353355, at *2 (W.D. Mo. Jan. 15, 2013) ("The jurisdictional grant of this "conceivable effect" test is "extremely broad"; for instance, related proceedings may include "suits between third parties which have an effect on the bankruptcy estate," and "need not necessarily be against the debtor or against the debtor's property."); *Quick v. Viziqor Sols., Inc.*, No. 406CV637SNL, 2007 WL 494924, at *2 (E.D. Mo. Feb. 12, 2007) (noting that the conceivable effect test "implements a fairly broad interpretation of the scope of…'related to' jurisdiction'"); *Lonquist Field Servs., LLC v. Dominion Proppants, LLC*, No. 1:19-CV-00213-JAR, 2020 WL 5230887, at *2

1

(E.D. Mo. Sept. 2, 2020) (likewise noting the "broad scope" of the conceivable effect test). Given its broad scope, "even a proceeding 'which portends a mere contingent or tangential effect on a debtor's estate' meets the broad jurisdictional test adopted by the Eighth Circuit." *Quick*, 2007 WL 494924, at *2 (quoting *In re Titan Energy, Inc.*, 837 F.2d. 325, 330 (8th Cir. 1988)). The concept of "related to" jurisdiction is not to be interpreted narrowly—in the manner Plaintiff indirectly asserts in its Response—to give district courts and bankruptcy courts jurisdiction over nothing more than proceedings involving the property of the debtor or the estate. *See id.* (citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995)) (noting that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.").

Other than the scope of the test used to assess "related to" jurisdiction, Plaintiff is wrong as to one central fact. Plaintiff argues that CHS TX "inexplicably asserts that the same insurance policy would provide coverage to CHS TX in the State Court Action and to Corizon in the bankruptcy case," and the "problem" with this contention is that Plaintiff "is not seeking coverage or recovery from the insurer identified in CHS TX's motion, American International Group, Inc.," but rather "seek[ing] recovery from two different insurance companies, Great Midwest and Lexington." Resp., Doc. No. 22, at PageID # 328. Not so. Plaintiff misunderstands the business structure of American International Group, Inc. ("AIG"): AIG and Lexington are the same entity as AIG is Lexington's parent company. *See* Proof of Claim Example 1, attached as **Exhibit A** (showing that Lexington is a "member company" of AIG); Proof of Claim Example 2, attached as **Exhibit B** (same); Email Regarding Lexington Policy from AIG Representative 1, attached as **Exhibit C** (further showing that AIG is a parent company of Lexington); Email Regarding Lexington Policy from AIG Representative 2, attached as **Exhibit D** (same). The "problem" identified by Plaintiff purportedly

interfering with "related to jurisdiction" (that Plaintiff is not seeking coverage or recovery from the insurer identified in CHS TX's motion) is, therefore, not a problem at all. *See* Resp., Doc. No. 22, at PageID # 328. It is a reason the case should be transferred.

Putting Plaintiff's misunderstanding of the operative insurance policy to the side, it is clear that there is "related to" jurisdiction in this case: This is at its core a Corizon dispute, arising from a Corizon contract, and its resolution will have an impact on Corizon's bankruptcy estate. Similar to *Quick*, to allow Plaintiff to recover against CHS TX in this matter would interfere with the ability of Corizon's hundreds of similarly situated creditors to recover their fair share of the bankruptcy estate as their chance at recovery comes from the same AIG/Lexington insurance policy. *See* 2007 WL 494924, at *3. Essentially, like in *Sieckmann v. Interstate Brands Corp.*, No. 4:06-CV-123 SNL, 2006 WL 8459101, at *3 (E.D. Mo. Sept. 29, 2006), if Plaintiff prevailed on its claims in this action, such a judgment would be paid out by Lexington/AIG, and the creation of an additional debt would undoubtedly affect the bankruptcy creditors who are to receive payment from that same AIG/Lexington policy. AIG/Lexington has expressly recognized the "related" nature of this case and the bankruptcy case and has declared its inability to act so as to not erode an asset of the estate; Plaintiff should do the same. *See* Email Regarding Lexington Policy from AIG Representative 1, **Ex. C** ("Due to Corizon / Tehum bankruptcy, Lex[ington] can not make any payments that erode the aggregate limits" [of the policy]."); Email Regarding Lexington Policy from AIG Representative 2, **Ex. D** ("Lexington is currently barred by the bankruptcy court order from depleting the aggregate policy limit.").

## II. Transfer is Appropriate

Preliminarily, it is important to note that a district court may transfer under § 1412 upon a sufficient showing that transfer is either in the interest of justice *or* for the convenience of the parties.

*Quick*, 2007 WL 494924, at *3. District courts within the Eighth Circuit have routinely emphasized the disjunctive nature of § 1412. *E.g.*, *Thys Chevrolet, Inc. v. Gen. Motors LLC*, No. 10-CV-46-LRR, 2010 WL 4004328, at *12 (N.D. Iowa Oct. 12, 2010). Contrary to Plaintiff's exhaustive recitation of all elements that may be considered in assessing the interests of justice **and** the convenience of the parties, CHS TX need only satisfy one of the two prongs.

CHS TX has done so, primarily, by relying on the "home court" presumption—the strong presumption in favor of placing venue in the district court where the bankruptcy case is pending—to establish that transfer is in the interests of justice. Plaintiff makes much of the fact that the debtor (Corizon) is a non-movant in this action, could not join the motion to transfer venue, and is not a party to this case. *See* Resp. Opp., Doc. No. 22, at PageID ## 329–30. While it may be true that the consideration of the home court presumption is entitled to less deference where the movant is not the debtor (*Quick*, 2007 WL 494924, at *3), this does not mean that the home court presumption is entitled to no deference. Indeed, district courts in the Eighth Circuit have held directly to the contrary. *See, e.g.*, *Thys Chevrolet, Inc.*, 2010 WL 4004328, at *11 ("While this factor is less important where the debtor is a non-movant in the motion to transfer venue, the court finds that it is entitled to some weight in favor of transfer.") (internal citation omitted). The fact that Plaintiff's claims arise from a Corizon contract that will be paid by a Corizon insurance policy tied up as part of bankruptcy proceedings in the Southern District of Texas remains of importance and impacts the appropriateness of transfer, regardless of whether the movant seeking transfer is Corizon (the debtor) or CHS TX. And while it is true that Plaintiff's choice of a Missouri forum is entitled to some deference, here the balance of interests and strong presumption in favor of placing venue in the same district court as the bankruptcy proceedings demonstrate that transfer is appropriate. *See Krakowski v. Am. Airlines, Inc.*, 927 F. Supp. 2d 769, 776 (E.D. Mo. 2013) (recognizing that the plaintiff's

choice of forum was entitled to a measure of deference, but nonetheless finding transfer to bankruptcy court to be appropriate); *Lonquist Field Servs., LLC*, 2020 WL 5230887, at *2 (same).

In accordance with the foregoing, CHS TX respectfully requests that this Court enter an order transferring venue of this action to the United States Bankruptcy Court for the Southern District of Texas, Houston Division and docketing it as an Adversary Proceeding in Chapter 11 Case No. 23-90086.

Respectfully Submitted,

*/s/ R. Thomas Warburton*
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com

*Attorney for CHS TX, Inc. and Great Midwest Insurance Co.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 5, 2023, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

Sheena Hamilton
Erin McGowan
Affirmative Litigation Unit
314 City Hall
1200 Market St.
St. Louis, MO 63103
mcgowane@stlouis-mo.gov

*Attorneys for Plaintiff*

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

*Registered Agent for Lexington Insurance Co.*

               */s/ R. Thomas Warburton*
               R. Thomas Warburton