# EXHIBIT A

**Fill in this information to identify the case:**

Debtor ___Tehum Care Services, Inc.___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
(State)

Case number ___23-90086___

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | AIG Member Companies Listed on attached addendum<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>See summary page<br><br><br>Contact phone  212-458-7101<br>Contact email  kevin.larner@aig.com<br>**(see summary page for notice party information)**<br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ | **Where should payments to the creditor be sent?** (if different)<br><br><br><br>Contact phone _____<br>Contact email _____ |
| 4. | **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____  Filed on _____ / _____ / _____<br>MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**Proof of Claim**

2390086230811000000000001

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7. **How much is the claim?**    $ <u>2161468.00</u>_____. **Does this amount include interest or other charges?**

                                                 ☑ No

                                                 ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

    Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

    Limit disclosing information that is entitled to privacy, such as health care information.

    <u>Insurance</u>_____

9. **Is all or part of the claim secured?**

    ☐ No

    ☑ Yes.   The claim is secured by a lien on property.

          **Nature or property:**

          ☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

          ☐ Motor vehicle

          ☑ Other. Describe:    <u>Cash held by creditor</u>_____

          **Basis for perfection:** _____

          Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

          **Value of property:**            $ <u>13951361.00</u>____

          **Amount of the claim that is secured:**    $<u>2161468.00</u>____

          **Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

          **Amount necessary to cure any default as of the date of the petition:**    $_____

          **Annual Interest Rate** (when case was filed)_____%

          ☐ Fixed

          ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

    ☐ No

    ☑ Yes. Identify the property: <u>Cash held by creditor</u>_____

23900862308110000000000001

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

| | | **Amount entitled to priority** |
|---|---|---|
| ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ | Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ | Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    08/11/2023
                    MM / DD / YYYY

_/s/Michael S. Davis_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Michael S. Davis | | |
|---|---|---|---|
| | First name | Middle name | Last name |

Title        Attorney

Company      Zeichner Ellman and Krause LLP
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone    _____        Email    _____

---

2390086230811000000000001

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (866) 967-0491 | International 001-424-236-7244

| | |
|---|---|
| **Debtor:** | |
| 23-90086 - Tehum Care Services, Inc. | |
| **District:** | |
| Southern District of Texas, Houston Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| AIG Member Companies Listed on attached addendum | Yes, supporting documentation successfully uploaded |
| AIG Member Companies  Attn K Larner | **Related Document Statement:** |
| 28 Liberty Street | |
| | **Has Related Claim:** |
| New York, New York, 10005 | No |
| United States | **Related Claim Filed By:** |
| **Phone:** | |
| 212-458-7101 | **Filing Party:** |
| **Phone 2:** | Authorized agent |
| **Fax:** | |
| **Email:** | |
| kevin.larner@aig.com | |

| | |
|---|---|
| **Disbursement/Notice Parties:** | |
| Michael S. Davis, Esq. | |
| Zeichner Ellman and Krause LLP | |
| 1211 Avenue of the Americas | |
| | |
| New York, New York, 10036 | |
| United States | |
| **Phone:** | |
| 914-649-9447 | |
| **Phone 2:** | |
| **Fax:** | |
| **E-mail:** | |
| mdavis@zeklaw.com | |

| | |
|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:** |
| | No |
| | **Acquired Claim:** |
| | No |

| | | |
|---|---|---|
| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
| Insurance | No | |

| | |
|---|---|
| **Total Amount of Claim:** | **Includes Interest or Charges:** |
| 2161468.00 | No |

| | |
|---|---|
| **Has Priority Claim:** | **Priority Under:** |
| No | |

| | |
|---|---|
| **Has Secured Claim:** | **Nature of Secured Amount:** |
| Yes: 2161468.00 | Other |
| **Based on Lease:** | Describe: Cash held by creditor |
| No | **Value of Property:** |
| **Subject to Right of Setoff:** | 13951361.00 |
| Yes, Cash held by creditor | **Annual Interest Rate:** |
| | **Arrearage Amount:** |
| | **Basis for Perfection:** |
| | **Amount Unsecured:** |

| | |
|---|---|
| **Submitted By:** | |
| Michael S. Davis on 11-Aug-2023 9:18:18 a.m. Eastern Time | |
| **Title:** | |
| Attorney | |
| **Company:** | |
| Zeichner Ellman and Krause LLP | |

VN: 19319B89B0D1EBDEFC285B89FF2DF886

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC | Case No 23-90086 |
| Debtor. | |

**ADDENDUM TO**
**PROOF OF CLAIM #1 OF THE AIG MEMBER COMPANIES**

      American Home Assurance Company, AIG Assurance Company, AIG Specialty Insurance Company, AIG Property Casualty Company, Commerce and Industry Insurance Company, Granite State Insurance Company, Illinois National Insurance Co., Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., New Hampshire Insurance Company, The Insurance Company of the State of Pennsylvania and certain other entities related to AIG Property Casualty Inc. (collectively, the "AIG Member Companies") that conducted business with TEHUM CARE SERVICES, INC. and its predecessors and affiliates (collectively, "Debtor") hereby submit this proof of claim (the "Proof of Claim").

**A.     LIQUIDATED CLAIM**

AIG Member Companies assert a liquidated claim for the following insurance premiums due:

p#6797138 (1/1/2013-2014) - $612,973 was due 7/15/2021 (Valitas Health Svc, div 97)
p#6797600 (1/1/2014-2015) - $1,548,495 was due 7/15/2021 (Valitas Health Svc, div 97)
               TOTAL:  $2,161,468

Statements of Account for these amounts are annexed as **Exhibit A.**

**B.     OTHER POTENTIAL UNLIQUIDATED**
              **COMPONENTS  OF THE PROOF OF CLAIM.**

      1.     **Unmatured and/or Unliquidated Claim**.  The Debtor entered into certain other agreements with the AIG Member Companies and may be obligated to pay to among other things, audit or other premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and related costs that are not readily calculable at this time.  Certain of such amounts remain unmatured, contingent and/or unliquidated, and such amounts constitute an unliquidated claim against the Debtor.  Should any such amounts become liquidated or become mature such amounts shall become a liquidated claim.  The AIG Member Companies expressly reserve the right to amend or supplement this Proof of Claim for whatever reason, including without limitation, for the purpose of filing additional claims or to specify the amount of the AIG Member Companies' unmatured, contingent and/or unliquidated claim as they become matured and/or liquidated.

2.        Annexed hereto as **Exhibit B** is a partial or complete list of insurance policies form which this unliquidated claim may be derived.

3.        In connection with the foregoing, the AIG Member Companies expressly preserve all rights at law or equity with respect to such funds or such rejection damages, including, without limitation, the right to (i) obtain an accounting and audit, (ii) collect applicable statutory, compensatory and punitive damages, and (iii) obtain payment of obligations from affiliates, successors, officers and/or directors of the Debtor or from present or former affiliated companies as allowed by applicable law.

4.        **Other Insurance or Services**.  To the extent the AIG Member Companies provide or provided any other or different insurance (including excess coverages or renewals of any insurance), or other services to the Debtor, either included within or in addition to the insurance policies listed on Exhibit B, the AIG Member Companies hereby assert a claim for all obligations of the Debtor to the AIG Member Companies arising thereunder, including, without limitation, premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs arising from such transactions, or from funds advanced or to be advanced on the Debtor's behalf.  Additionally, the AIG Member Companies reserve the right to amend this proof of claim to assert further amounts due or particulars in connection therewith.

5.        **Bond Obligations**.  Claim is made to the extent of any surety bonds outstanding if any, where the Debtor agreed to pay to the AIG Member Companies, among other things, any and all loss and expense, including, without limitation, attorneys' fees, incurred by the AIG Member Companies by reason of having issued any such bonds, and losses incurred as a result of the issuance of any bonds.  The amount presently due the AIG Member Companies with respect to any bonds is unliquidated and untabulated.

6.        **Quantum Meruit**.  To the extent the Debtor received a benefit from service or product provided by the AIG Member Companies, Debtor is obligated to pay the AIG Member Companies for the value of the benefits received.

7.        **Joint Liability**.  Should Debtor be liable to the AIG Member Companies (or any of them) for any obligations of any other entity, including without limitation CHX TX (d/b/a YesCare), this Proof of Claim asserts such claim, with prejudice to the obligation of such entity.

8.        **Indemnity Obligations**.  In the event the Debtor has entered into any agreement with the AIG Member Companies pursuant to which Debtor has a duty to indemnify the AIG Member Companies, a claim is made herein for such right of indemnity.

9.        **Other**.  In connection with the foregoing, Debtor also may be liable to the AIG Member Companies by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.

10.        **Right of Recoupment**.  The AIG Member Companies assert the right to use funds paid to them to recoup obligations of the Debtor arising therefrom.

11.        **Security**.  To the extent the AIG Member Companies hold any cash or other collateral as security for its claim, regardless of whether such cash or collateral is property of the

Debtor's estate, the AIG Member Companies assert a secured claim and/or a right of setoff and reserve its rights to collect against same by recoupment and/or setoff. Alternatively, or in addition, to the extent the AIG Member Companies hold an interest in any property of the Debtor, the AIG Member Companies assert a security interest in same to the extent of applicable law.

12. **Interest**. The AIG Member Companies claim all rights to claim interest to the extent permitted by law, including post-petition interest to the extent such interest is secured. To the extent this claim or any portion hereof, is unliquidated, appropriate interest (if any) remains unliquidated at this time. In preparing any tabulation of a liquidated claim, we will endeavor to include a tabulation of applicable interest to the extent dates of accrual of obligations can be readily ascertained. The AIG Member Companies reserve the right to amend such calculations and to claim additional interest as facts are learned, data compiled, and/or unliquidated claims become liquidated.

13. **Administrative Expense**. To the extent the AIG Member Companies' claim against the Debtor relates to the post-petition period the AIG Member Companies are entitled to administrative priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(2). Therefore, through this Proof of Claim, the AIG Member Companies also assert an administrative expense claim for all services provided, risks insured or occurrences occurring after the Petition Date, all or a portion of which may be set forth in this Proof of Claim. To the extent any amounts set forth herein are entitled to administrative expense priority, the AIG Member Companies hereby request immediate allowance and payment of its administrative expense. Any failure by the AIG Member Companies to specifically assert an administrative expense claim against the Debtor's estate shall not be deemed a waiver by the AIG Member Companies of its right to payment of an administrative expense, said right being asserted herein and fully preserved.

14. **Arbitration**. The filing of this Proof of Claim is not intended to waive any right to arbitration. The AIG Member Companies expressly reserve any right they may have to seek arbitration of any dispute arising in connection with this claim. To the extent of any pre-existing arbitration agreement between the AIG Member Companies and Debtor, this Court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

15. **No Consent to Jurisdiction; No Waiver of Jury Trial**. The filing of this Proof of Claim is not and shall not be deemed or construed as: (i) consent to jurisdiction of this Court with respect to proceedings, if any, involving the duties and obligations of the AIG Member Companies; (ii) a waiver or release of the AIG Member Companies' right to a trial by jury in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal, public, or private rights in any case, controversy or proceeding related hereto, notwithstanding any designation of such matters as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (iii) a consent to this Court's entry of final orders or judgments with respect to the Proof of Claim or any other matter involving the AIG Member Companies; (iv) a waiver of the AIG Member Companies' right to have any and all orders and judgments of this Court reviewed *de novo* by a court duly authorized under Article III of the United States Constitution; or (v) a waiver of the AIG Member Companies' right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in the Debtor' bankruptcy cases or otherwise involving the AIG Member Companies.

16.    **<u>Reservation of Rights</u>**.  In executing and filing this Proof of Claim, the AIG Member Companies: (i) do not waive any right or rights that it has or may have against any other persons liable for all or part of the claim set forth herein; (ii) expressly reserve the right to amend or supplement this Proof of Claim in any respect; (iii) expressly reserve the right to assert all claims, causes of action, defenses, offsets or counterclaims; and (iv) expressly reserve the right to contest insurance coverage in the event of any claim that may be tendered by the Debtor for coverage.

EXHIBIT A



AS OF DATE :                          08/09/2023

PAPER COMPANY            LEXINGTON INSURANCE COMPA        BUSINESS PARTNER :

INSURED :                      VALITAS HEALTH SERVICES INC.        POLICY NUMBER :            6797138-04113001

PRODUCER :                          HLS DIVESTMENT, LLC        CONTRACT NUMBER :

POLICY PERIOD :                01/01/2013 - 01/01/2014        CANCEL DATE :

| PREMIUM AMOUNT | | | |
|---|---|---|---|
| NEW BUSINESS | $0.00 | FEES | $0.00 |
| RENEWAL | $4,900,000.00 | DISBURSEMENTS | $0.00 |
| AUDIT PREMIUM | $291,327.00 | TAXES | $0.00 |
| ENDORSEMENT(S) | $0.00 | WRITE-OFF | $0.00 |
| CANCELLATION | $0.00 | AUTOMATIC CLEARING | $0.00 |
| RETRO ADJUSTMENTS | $612,973.00 | CASH RECEIPTS | ($5,191,327.00) |
| REINSTATEMENT | $0.00 | | |

| POLICY PREMIUM | $5,804,300.00 | GROSS AMOUNT DUE | $612,973.00 |
|---|---|---|---|



| Date Received | Business Partner | Contract 6 | Policy | Amount | Check No. / Wire Indicator |
|---|---|---|---|---|---|
| Jan 28, 2013 | 1023205278 | | 6797138-04113001 | ($4,900,000.00) | 3797 |
| Apr 9, 2014 | 1023205278 | | 6797138-04113001 | ($291,327.00) | 4442 |
| **TOTAL PAID** | | | | ($5,191,327.00) | |



AS OF DATE :                          08/09/2023

PAPER COMPANY              LEXINGTON INSURANCE COMPA        BUSINESS PARTNER :

INSURED :                        VALITAS HEALTH SERVICES INC.        POLICY NUMBER :              6797600-04114001

PRODUCER :                          HLS DIVESTMENT, LLC        CONTRACT NUMBER :

POLICY PERIOD :                01/01/2014 - 01/01/2015        CANCEL DATE :

| PREMIUM AMOUNT | | | |
|---|---|---|---|
| NEW BUSINESS | $0.00 | FEES | $0.00 |
| RENEWAL | $5,600,000.00 | DISBURSEMENTS | $0.00 |
| AUDIT PREMIUM | ($214,329.00) | TAXES | $0.00 |
| ENDORSEMENT(S) | $84,716.00 | WRITE-OFF | $0.00 |
| CANCELLATION | $0.00 | AUTOMATIC CLEARING | $0.00 |
| RETRO ADJUSTMENTS | $1,548,495.00 | CASH RECEIPTS | ($5,470,387.00) |
| REINSTATEMENT | $0.00 | | |

| POLICY PREMIUM | $7,018,882.00 | GROSS AMOUNT DUE | $1,548,495.00 |
|---|---|---|---|



| Date Received | Business Partner | Contract 6 | Policy | Amount | Check No. / Wire Indicator |
|---|---|---|---|---|---|
| Jan 27, 2014 | 1023205278 | | 6797600-04114001 | ($5,650,000.00) | 4323 |
| Jul 15, 2014 | 1023205278 | | 6797600-04114001 | ($34,716.00) | 4598 |
| Apr 6, 2015 | 1023205278 | | 6797600-04114001 | $214,329.00 | 5021 |
| **TOTAL PAID** | | | | ($5,470,387.00) | |

EXHIBIT B