UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00987-SRC |
| | ) | |
| CHS TX, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

CHS TX, Inc. moves under 28 U.S.C. § 1412 to transfer venue of this case to a bankruptcy court in Texas.  Section 1412 allows the Court to transfer "a case or proceeding under title 11."  Because this is not a case or proceeding under title 11, the Court denies CHS TX's motion.

**I.      Background**

In 2014, the City of St. Louis entered a contract with Corizon, LLC that required Corizon to provide medical treatment and suicide-prevention services within the City's jails.  Doc. 2 at 6.[1]  Allegedly, Corizon breached that contract by failing to transfer an inmate's medical records—or otherwise communicate the inmate's crisis-watch status—upon his transfer to a different jail.  *Id.* at 14–15.  As a result of this lack of communication, the inmate died by suicide, which in turn led to the deceased's family's filing of a lawsuit against the City.  *Id.* at 12–16.  The City eventually reached a settlement with the family in which it agreed to pay $515,000 in damages.  *Id.* at 16.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Throughout the litigation of the inmate lawsuit, the City believed that its contract with Corizon entitled it to a defense and indemnification. *Id.* at 3–4, 19–20. The City accordingly made several demands on Corizon, but Corizon and its insurer rejected those demands. *Id.* In 2022, CHS TX "assumed the responsibilities, rights, liabilities, and obligations of" the contracts between the City and Corizon, and likewise rejected the City's demand for indemnification. *Id.* at 21–22. Corizon then filed bankruptcy. Doc. 8 at 2. A few months later, the City filed this case in state court, claiming in relevant part that the contracts CHS TX assumed require it to indemnify the City for all costs and expenses incurred throughout the inmate lawsuit. *Id.*; doc. 1 at 1. CHS TX timely removed the lawsuit to this Court based on diversity jurisdiction. Doc. 1.

## II.    Standard

Section 1412 allows the Court to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Neither the Supreme Court nor the Eighth Circuit has addressed how to determine whether the Court may transfer a case under this statute. The Court therefore follows the statute's plain text, which requires that the requested transfer (1) involve a "case or proceeding under title 11" and (2) be "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Courts routinely conclude that, like in the realm of the general venue-transfer statute (28 U.S.C. § 1404), the moving party bears the burden to prove transfer is appropriate by a preponderance of the evidence. *See, e.g.*, *Creekridge Cap., LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623, 629 (Bankr. D. Minn. 2009) (citing *Quick v. Viziqor Sols., Inc.*, No. 4:06-cv-637-SNL, 2007 WL 494924, at *3 (E.D. Mo. Feb. 12, 2007)). This Court agrees and concludes that CHS TX bears the burden of proving that the requested transfer (1) involves a "case or proceeding under title 11" and (2) is "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

2

III.    **Discussion**

CHS TX moves to transfer this case to the Bankruptcy Court for the Southern District of Texas, which oversees Corizon's bankruptcy case.  Doc. 8.  The City objects.  Doc. 22. Although they disagree on whether transfer is appropriate, the City and CHS TX agree that the Court should consider CHS TX's motion under Section 1412 rather than Section 1404.  *See* doc. 8 (citing Section 1412 but not 1404); doc. 22 (not citing either).  Below, the Court first considers what constitutes "a case or proceeding under title 11."  The Court then determines whether this case is a case or proceeding under title 11.  Finding that it is not, the Court denies CHS TX's motion to transfer this case under Section 1412.

A.    **What constitutes "a case or proceeding under title 11."**

The Supreme Court and Eighth Circuit have yet to address what constitutes a "case or proceeding under title 11" in the context of 28 U.S.C. § 1412.  "As with any question of statutory interpretation, [the Court] begin[s] with the statute's plain language."  *Hodde v. Am. Bankers Ins. Co. of Fla.*, 815 F.3d 1142, 1144 (8th Cir. 2016) (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011)).  The "most fundamental semantic rule of interpretation" indicates that "[w]ords are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense."  Antonin Scalia & Bryan A. Garner, *Reading Law:  The Interpretation of Legal Texts* § 6 (2012).  "[A] case or proceeding under title 11" naturally divides into two parts:  the first identifies what matters the Court can transfer ("a case or proceeding") and the second identifies what type the matter must be (one "under title 11").  The Court considers each part's ordinary meaning in turn.

First, Section 1412 identifies two matters the Court can transfer:  a case or a proceeding. Scalia & Garner, *supra*, at § 12 ("*And* joins a conjunctive list, *or* a disjunctive list . . . ."); *Or*, Merriam-Webster, https://www.merriam-webster.com/dictionary/or (defining "or" as a

conjunction that is "used as a function word to indicate an alternative").  The plain and ordinary meaning of "case" is "a suit or action in law or equity."  *Case*, Merriam-Webster, https://www.merriam-webster.com/dictionary/case.  "[P]roceeding" ordinarily means a "legal action."  *Proceeding*, Merriam-Webster, https://www.merriam-webster.com/dictionary/proceeding.  If the Court interpreted "proceeding" to mean such, however, the Court's interpretation would run head-on into the surplusage canon.  That canon cautions that the Court should not interpret a word so that it "needlessly . . . causes it to duplicate another provision or to have no consequence."  Scalia & Garner, *supra*, at § 26.  This is so because, if "proceeding" means "legal action," it would merely duplicate "case."  Thus, context indicates that Congress used "proceeding" in a technical sense.

The Court therefore considers what technical meaning "proceeding" bore when Congress enacted Section 1412 in 1984.  At that time, the Black's Law Dictionary entry for "proceeding" stated:

> In a general sense, the form and manner of conducting juridical business before a court or judicial officer.  Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment.  Term also refers to administrative proceedings before agencies, tribunals, bureaus, or the like.
>
> . . . The word may be used synonymously with "action" or "suit" to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and every step required to be taken in any cause by either party.  The proceedings of a suit embrace *all* matters that occur in its progress judicially.

*Proceeding*, *Black's Law Dictionary* (5th ed. 1979).  In other words, Black's Law Dictionary explained that a "proceeding" could mean an action in law or equity, like discussed above, or it could refer to a step, matter, or act done by the authority of a court within the judicial process.

4

*Id.*  This definition makes sense of Section 1412's use of "proceeding."  Section 1412 addresses an action in law or equity as a whole by listing "case" as one alternative the Court can transfer, and then used "proceeding" to authorize the Court, alternatively, to transfer a specific step, matter, or act that occurs within the judicial process.  *See In re Adelphia Commc'ns Corp.*, 307 B.R. 404, 412 n.22 (Bankr. S.D. N.Y. 2004) (explaining that in modern bankruptcy parlance, "proceeding" refers to "a matter that comes up in a 'case,' or is a separate proceeding (like an adversary proceeding) brought in connection with a 'case'" (citation omitted)).  Thus, the Court concludes that "case" means an action in law or equity, and "proceeding" means a specific step, matter, or act that occurs within the judicial process, such as an adversary proceeding.

Second, Section 1412 contains a postpositive modifier that requires the case or proceeding to be a certain type:  the case or proceeding must be "under title 11."  The preposition "under" ordinarily means "subject to the authority, control, guidance, or instruction of."  *Under*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/under.  And "title 11" references the Bankruptcy Code.  *See* 11 U.S.C. §§ 101–1532.  Thus, the postpositive modifier "under title 11" means subject to the authority, control, guidance, or instruction of the Bankruptcy Code.

The Court next considers whether the bankruptcy *corpus juris* supports that "a case or proceeding under title 11" bears its ordinary meaning.  *See* Scalia & Garner, *supra*, at § 39 ("Statutes *in pari materia* are to be interpreted together, as though they were one law.").  The Court finds that it does.  Take, for example, the statute governing bankruptcy courts' jurisdiction, which provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a)–(b).  Although Section 1334 is like Section 1412 in that it discusses "cases under title 11," it differs from Section 1412 when addressing proceedings.  Specifically, Section 1334 uses different postpositive modifiers:  "arising under title 11," "arising in . . . cases under title 11," and "related to cases under title 11."  Congress also included these three modifiers in 28 U.S.C. § 1409, which addresses venue of certain matters, and the statute governing procedural matters in the bankruptcy court, 28 U.S.C. § 157.  Among this crowd, Section 1412 is a lone wolf:  instead of echoing the use of "arising under title 11," "arising in . . . cases under title 11, and "related to cases under title 11," Section 1412 deviated and used only "under title 11."

This stark deviation in statutory language requires the Court to presume that Section 1412 bears its own meaning.  *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (requiring lower courts to "presume that a legislature says in a statute what it means and means in a statute what it says there" (citations omitted)).  That Congress enacted various of these provisions in the wake of the Supreme Court's landmark decision in *Northern Pipeline* holding various portions of the 1978 bankruptcy legislation unconstitutionally granted Article III powers to non-Article III courts buttresses this conclusion.  *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 87 (1982).

The Court recognizes that some courts have reached a different conclusion.  They conclude that the difference in language is immaterial, and that Section 1412 refers to the same set of proceedings as the other statutes do.  *See, e.g.*, *Dunlap v. Friedman's, Inc.*, 331 B.R. 674,

676–80 (Bnkr. S.D. W. Va. 2005); *Creekridge Cap.*, 410 B.R. at 629; *Quick*, 2007 WL 494924, at *3. *Dunlap* notes that the "textual and contextual analysis" of many such courts hinges upon the belief that because Congress enacted Section 1409 on the same day as Section 1412, "'proceeding' did not require the additional elaboration" in Section 1412. *Id.* at 680. The Court finds this argument unpersuasive. If Congress had meant for Section 1412 to encompass exactly what the other statutes address, Congress would have included the same language in Section 1412. Given Congress's meticulous phrasing of the bankruptcy statutes it revised and enacted in the wake of the Supreme Court's *Northern Pipeline* decision, *see Dunlap*, 331 B.R. at 678–80, the Court does not attribute the absence of further modifiers such as "arising in" or "related to" to oversight or imprecise drafting, *see Germain*, 503 U.S. at 253–54; *Hodde*, 815 F.3d at 1144.

Thus, the Court finds that nothing within Section 1412 or the broader context surrounding it indicates that "a case or proceeding under title 11" bears something other than its ordinary meaning. Accordingly, the Court holds that, under the ordinary meaning of Section 1412, the Court may transfer two types of matters: (1) an action in law or equity that is subject to the authority, control, guidance, or instruction of the Bankruptcy Code and (2) a specific step, matter, or act that occurs within the judicial process that is subject to the authority, control, guidance, or instruction of the Bankruptcy Code, such as an adversary proceeding.

**B.     Whether this case is a case or proceeding under title 11.**

The Court next considers whether CHS TX has met its burden to show that this case is a "case or proceeding under title 11." 28 U.S.C. § 1412. In its complaint, the City seeks declaratory and injunctive relief, and alleges breaches of contract. Doc. 2. None of these claims are subject to the authority, control, guidance, or instruction of the Bankruptcy Code. *See supra* Section III(A). Instead, state law governs these claims. Thus, these claims are not "under title

11," and Section 1412 does not authorize the Court to transfer them.  Accordingly, the Court denies CHS TX's motion to transfer this case under Section 1412.

**IV.    Conclusion**

As explained above, CHS TX has failed to prove that transfer is appropriate under Section 1404.  Accordingly, the Court denies CHS TX's [8] Motion to Transfer Venue.

So ordered this 19th day of March 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE